IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT ANDREW REED,** | : | |
| Petitioner | : | CIVIL NO. 1:15-CV-02121 |
| vs. | : | |
| **DAVID J. EBBERT, et al.,** | : | (Judge Rambo) |
| Respondents | : | |

## MEMORANDUM

### Background

On November 5, 2015, Robert Andrew Reed, a prisoner confined at the United States Penitentiary, Lewisburg, Pennsylvania,[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition reveals that Reed was charged with obstruction of justice and threatening to injure or kidnap a person in District of Columbia and on May 21, 2010, sentenced by the Superior Court of the District of Columbia. Reed does not specify the sentence he received.[2] Doc. 1.

---

1. According to the Federal Bureau of Prisons inmate locator, Reed was released on January 19, 2016. Reed has not provided the court with an updated address.

2. Reed in the petition makes a legally frivolous and baseless claim that he is "a D.C. state political prisoner being housed unlawfully by U.S. Federal
(continued...)

Along with the petition Reed submitted the $5.00 filing fee.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[3]  For the reasons set forth below the petition will be dismissed.

**Discussion**

Reed sets forth his allegations on a form § 2241 petition routinely provided to federal inmates, and several continuation pages, in a very difficult handwriting to decipher.  Reed appears to be challenging

---

2. (...continued)
authorities."  Custody of prisoners who are sentenced in the District of Columbia is vested in the Attorney General of the United States pursuant to District of Columbia Code § 24-201.26 and the Attorney General "may designate any available, suitable, and appropriate institutions, whether maintained by the District of Columbia government, the federal government, or otherwise, or whether within or without the District of Columbia."

3. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

the outcome of a prison disciplinary proceeding. Reed claims he was denied his right to counsel at the disciplinary hearing.

Reed attaches to the petition several items, including (1) a copy of an incident report of the Federal Bureau of Prisons dated June 23, 2015; (2) a decision of a Disciplinary Hearing Officer ("DHO") dated July 31, 2015, and (3) a response by J. L. Norwood, Regional Director of the Bureau of Prisons relating to an appeal Reed filed.

From the petition and the attachments thereto the court is able to discern that on June 23, 2015, Reed was charged with the prohibited act of Extortion (Attempted), Bureau of Prisons Offense Code 204A. 28 C.F.R. § 541.3 (Table 1). Specifically, Reed composed a fraudulent document entitled "Affidavit of Certificate of Service" in which Reed asserted that Warden Ebbert defaulted on Reed's prior Uniform Commercial Code ("UCC") filing which Reed filed with the Secretary of State of the State of Washington. The UCC filing was fraudulent. Reed mailed this document to Warden Ebbert

in an attempt to extort $5 Billion from Warden Ebbert. Reed claimed that there would be a judgment entered against Warden Ebbert and an encumbrance placed against Warden Ebbert's property through a UCC financing statement.

      The decision of the DHO reveals that Reed received advanced written notice of the charge on June 23, 2015; the hearing was held on June 29, 2015; Reed was advised of his rights, including his right to staff representation; Reed waived his right to staff representation; Reed requested no witnesses, submitted no documentary evidence, made no statements and declined to attend the hearing; and documentary evidence was submitted during the hearing, including the fraudulent documents prepared by Reed.

      Based on the documentary evidence, the DHO found Reed guilty of violating Offense Code 204A and imposed the following sanctions: (1) loss of 27 days of Good Conduct Time; (2) 30 days of disciplinary segregation; (3) 6 months loss of commissary, telephone and visiting

privileges; and (4) personal property impounded for 90 days, except for legal and religious materials.

Reed admits that he did not exhaust his administrative remedies beyond the Regional Director level. The attachments to the petition reveal that he submitted an appeal to the Central Office level but that the appeal was rejected on or about September 14, 2015, because he did not submit the proper number of continuation pages. Reed was, however, advised that he could resubmit his appeal in the proper format within 15 days.

The Court has authority under 28 U.S.C. § 2241 to review disciplinary sanctions imposed by the Bureau of Prisons for violating prison regulations. However, this court may do so only after the petitioner has exhausted his available BOP's administrative remedies. United States v. Wilson, 503 U.S. 329 (1992); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition. Callwood, 230 F.3d at 634.

The BOP has established an administrative remedy procedure, which is set forth at 28 C.F.R. § 542.10 et seq., whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden for the institution where he is confined. Id. at § 542.14(a).  If dissatisfied with the response, the inmate may then appeal an adverse decision to the Regional Office within 20 calendar days and then to the Central Office of the BOP within 30 calendar days of the Regional Office's decision. Id. at §§ 542.15(a).  No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the Bureau of Prison's Central Office.  Id.

In this case it is clear based on Reed's admissions set forth in the petition and the attachments thereto that he failed to comply with the administrative remedy procedures set forth in 28 U.S.C. § 542.10 et

seq. Furthermore, the time in which Reed could pursue such remedies has expired.

"[F]ailure to satisfy the procedural rules of the [Bureau of Prisons'] administrative process constitutes a procedural default." Moscato, 98 F.3d at 760-761 (citing Francis v. Rison, 894 F.2d 353,355 & n.2 (9th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986)). If a default renders the administrative process unavailable, review of a habeas claim is barred "absent a showing of cause and prejudice[.]" Id. at 761.

Cause is generally only established where the petitioner shows that "some external objective factor impeded" his or her efforts to comply with the BOP's administrative remedy provisions. See Murray v. Carrier, 477 U.S. 478, 488 (1986). As the United States Court of Appeals for the Second Circuit has noted, where "legitimate circumstances beyond the prisoner's control preclude him from pursuing his administrative remedies," cause is established. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Reed has not explained his failure to pursue the administrative remedies provided for by Bureau of Prison's regulations.

The court discerns no external objective factor which prevented Reed from pursuing his available administrative remedies.  He merely opted not to comply with the Central Office's direction to resubmit the appeal within 15 days.

Reed has not shown good cause for his failure to exhaust his administrative remedies.  Consequently, Reed's petition must be dismissed.

Moreover, Reed has not shown prejudice In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the

evidence relied upon and the rationale behind the disciplinary action. Id. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir.1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457. The Hill standard is minimal and does not require examination of the entire record, an independent analysis of the credibility of the witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 501-502 (3d Cir. 1989).

    The disciplinary hearing and the decision of the DHO fully complies with the above requirements. Reed's only claim is that he was denied the right to counsel at the disciplinary hearing. The Court of Appeals for this circuit has specifically held that there is no such right. Macia v. Williamson, 219 F. App'x 229, 233 (3d

9


Cir. Mar. 13, 2007)("Inmates do not have a constitutional right to appointed counsel in prison disciplinary hearings.")(citing Wolff).

Finally, because Reed is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.


　　　　　　　　　　　　　　 s/Sylvia H. Rambo
　　　　　　　　　　　　　　United States District Judge